IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
COMBINED INSURANCE COMPANY OF    )
AMERICA,                         )
                                 )
            Plaintiff,           )
                                 )
     v.                          )       1:14CV647
                                 )
GREGORY LEE CHRISTIAN, DARRYL    )
LEE CHRISTIAN, through his       )
attorney-in-fact, GREGORY LEE    )
CHRISTIAN, NANCY KENT BENNETT,   )
and THE ESTATE OF WILLIAM        )
RIVERS, through its co-          )
administrators, NANCY KENT       )
BENNETT and JAMES RIVERS,        )
                                 )
            Defendants.          )
```

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Plaintiff Combined Insurance Company of America ("Plaintiff") initiated this interpleader action on August 1, 2014, seeking a determination of the proper beneficiary of a life insurance policy issued to William Rivers, now deceased.

Presently before this court is Plaintiff's Motion for Discharge and for Attorneys' Fees pursuant to 28 U.S.C. § 2361. (Doc. 25.) Defendants do not object to Plaintiff's discharge from this case. However, the Estate of William Rivers, through its co-administrators, Nancy Kent Bennett and James Rivers, and Defendants Gregory Lee Christian and Darryl Lee Christian, by

and through his attorney-in-fact, Gregory Lee Christian, have responded in opposition to Plaintiff's request for attorneys' fees. (Docs. 28, 29.) Plaintiff has filed a reply. (Doc. 30.)

This matter is now ripe for adjudication, and for the reasons stated herein, this court will grant Plaintiff's request for discharge and injunction, grant Plaintiff's request to be reimbursed for costs, but deny Plaintiff's request for attorneys' fees.

I. **DISCHARGE AND INJUNCTION**

Plaintiff requests an order "restraining each Defendant from commencing any action against [Plaintiff] on the insurance policy at issue in this action, discharging [Plaintiff] from any and all liability in this matter, [and] dismissing with prejudice [Plaintiff] from this interpleader action." (Pl.'s Mot. for Discharge & for Attorneys' Fees ("Pl.'s Mot.") (Doc. 25) at 1.) After a thorough review of the file, and Plaintiff's motion, this court now makes the following findings of fact and conclusions of law.

A. **Findings of Fact**

This court makes the following findings of fact, all being uncontested by the parties:

1. Plaintiff issued a life insurance policy bearing policy no. 000303554 (the "Policy"), which insured the life of William Rivers (the "Insured").

-2-

2. The Insured died October 3, 2013. At the time of the Insured's death, the beneficiary or beneficiaries of the Policy became entitled to payment from Plaintiff.

3. As of January 21, 2015, the net benefit due and payable under the Policy was $55,583.18 (the "Policy Proceeds").

4. Defendant Gregory Lee Christian ("G. Christian") on his own behalf and on behalf of Defendant Darryl Lee Christian ("D. Christian") as his attorney-in-fact, and Defendant Nancy Kent Bennett ("Bennett") on her own behalf and with James Rivers on behalf of the Estate of William Rivers ("the Estate"), assert competing claims to the Policy Proceeds, claim to be a beneficiary under the Policy, and dispute the amount to which the other is entitled to receive pursuant to the Policy.

5. Defendant G. Christian resides in North Carolina, Defendant D. Christian resides in Florida,[1] Defendant Bennett resides in Georgia, and the Estate of William Rivers is being probated in Glascock County, Georgia.

---

[1] Plaintiff alleges that Defendant D. Christian resides in Punta Gorda, Florida, upon information and belief. (Interpleader Compl. (Doc. 1) ¶ 3.) The parties, including Defendant G. Christian as his attorney-in-fact, are currently unsure of Defendant D. Christian's whereabouts. (See Ans. of Defs. G. Christian & D. Christian, by and through his Attorney-in-Fact, G. Christian to the Interpleader Compl. & Claim for Funds ("Christian Ans.") (Doc. 21) at 2.) Nonetheless, because Defendant G. Christian and Defendant Bennett are "adverse claimants, of diverse citizenship," this court can find it has jurisdiction over this action without definitively finding where D. Christian is domiciled. See 28 U.S.C. § 1335(a)(1).

6.   Plaintiff brought this action, pursuant to 28 U.S.C. § 1335, the federal interpleader statute, against persons who have asserted claims under the Policy.  Plaintiff now moves for determination of its interpleader claim and, inter alia, for discharge from further liability and permanent injunctive relief pursuant to 28 U.S.C. §§ 1335 and 2361.

7.   In view of Defendants' adverse and conflicting interests, Plaintiff was unable to make an apportionment of the Policy Proceeds among Defendants and, therefore, filed the instant action.

8.   On January 21, 2015, Plaintiff deposited the Policy Proceeds (in the amount of $55,583.18) into the registry of the court, pursuant to this court's order. (Doc. 24.)

9.   This court finds: (A) that this action was filed by Plaintiff, a corporation, which had in its custody or possession money of the value of $500.00 or more, and which issued a policy of insurance in an amount of more than $500.00; (B) that there were two or more adverse claimants of diverse citizenship as defined in 28 U.S.C. § 1332 claiming to be entitled to such money; and (C) that Plaintiff deposited such money into the registry of the court. Therefore, the requirements of 28 U.S.C. § 1335 have been met and this court has original jurisdiction over this matter.

**B.     Conclusions of Law**

Based upon the foregoing findings of fact, this court concludes as a matter of law that:

1. To the extent that any of the foregoing Findings of Fact are deemed, or constitute, Conclusions of Law, those Findings of Fact are restated and incorporated herein.

2. The captioned action is a proper action or proceeding for interpleader under 28 U.S.C. § 1335 and for determination of the respective rights, if any, of Defendants to the Policy and to the Policy Proceeds, and this court has jurisdiction over the subject matter of this action and the parties thereto.

3. The net benefit due and payable under the Policy is $55,583.18 (the "Policy Proceeds"), and said total has been deposited into the registry of the court.

4. Plaintiff's motion should be granted in part to the extent it requests an order "restraining each Defendant from commencing any action against [Plaintiff] on the insurance policy at issue in this action, discharging [Plaintiff] from any and all liability in this matter, [and] dismissing with prejudice [Plaintiff] from this interpleader action." (Pl.'s Mot. (Doc. 25) at 1.)

5. Plaintiff should be discharged from any and all liability to any and all Defendants and from any and all

liability under the Policy, and the Policy is deemed null and void with no further force or legal effect.

    6.   Plaintiff should be dismissed from this action.

    7.   Defendants should be permanently restrained and enjoined from instituting or prosecuting any action or proceeding against Plaintiff arising out of, or related to, the Policy in any federal or state court.

    8.   This court will retain jurisdiction of this action for the determination of such further matters as properly come before this court.

    9.   This court, finding no just reason for delay, will enter final judgment dismissing with prejudice Plaintiff from this action pursuant to Federal Rule of Civil Procedure 54(d).

## II.  **ATTORNEYS' FEES**

In addition to requesting a discharge and injunctive relief, Plaintiff also requests that this court order that it be reimbursed for its costs and expenses out of the Policy Proceeds. Specifically, Plaintiff requests that this court award $27,283.05 in attorneys' fees and $927.63 in costs. (Pl.'s Mem. of Law in Supp. of Mot. for Discharge and for Attorneys' Fees ("Pl.'s Mem.") (Doc. 26) at 10.)

In support of this request, Plaintiff describes the actions that made this interpleader action "more work intensive than a standard interpleader" action, ultimately requiring 89.5 hours

-6-

of attorney and paralegal time. (Id. at 9-10.) Additionally, Plaintiff's counsel has submitted an affidavit with supporting documents. (See Pl.'s Mem., Ex. 1, Aff. of Frank E. Emory, Jr. in Supp. of Mot. for Discharge (Doc. 26-1).) Defendants have filed objections to the request for attorneys' fees. (See Objection of the Estate of William Rivers, through its co-administrators Nancy Kent Bennett and James Rivers, to Pl.'s Mot. for Attorneys' Fees ("Estate's Objection") (Docs. 28); Objection of Def. G. Christian and Def. D. Christian, by and through his Attorney-in-Fact, G. Christian to the Pl.'s Mot. for Attorneys' Fees ("Christian's Objection") (Doc. 29).) For the following reasons this court will grant Plaintiff's request for costs but will deny its request for attorneys' fees.

This court recognizes that the Fourth Circuit "has not provided any guidance as to the awarding of attorneys' fees in the context of the federal interpleader statute," see Lindsey v. Primerica Life Ins. Co., No. 1:00CV00789, 2002 WL 1585908, at *1 (M.D.N.C. May 17, 2002), but that other circuits have found that it "is settled that a federal court has discretion to award costs and counsel fees to the stakeholder in an interpleader action whenever it is fair and equitable to do so." Sun Life Assurance Co. of Canada v. Sampson, 556 F.3d 6, 8 (1st Cir. 2009) (alterations and internal quotation marks omitted); see also James Talcott, Inc. v. Allahabad Bank, Ltd., 444 F.2d 451,

-7-

468 (5th Cir. 1971); Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus & Adam N. Steinman, 7 <u>Federal Practice and Procedure</u> § 1719 (3d ed. 2015). In determining if it is fair and equitable to allow costs and fees, courts look to factors such as (1) whether the party has acted in bad faith or (2) whether the interpleader is disinterested in the litigation. <u>See</u> <u>Sampson</u>, 556 F.3d at 8.

Defendants have given no reason why this court should not award costs and expenses. There is no indication that Plaintiff acted with undue delay in bringing this interpleader action or did anything else that might be considered bad faith. Moreover, this court finds that Plaintiff is a disinterested stakeholder that does not benefit from resolution of the case in favor of any defendant. Therefore, this court finds it appropriate to reimburse Plaintiff for its costs of $927.63.

This court also finds that Plaintiff's lack of bad faith and status as a disinterested participant in these proceedings could justify an award of reasonable attorneys' fees. However, there are two reasons why this court will not order payment of the attorneys' fees that Plaintiff has requested. First, this court finds that the materials submitted in support of Plaintiff's request for its attorneys' fees are not sufficiently specific or itemized for this court to determine whether the requested award is reasonable. Plaintiff's Memorandum does

-8-

outline the work done by Plaintiff's counsel in this case, and counsel's affidavit outlines the experience and qualifications of the three attorneys and the paralegal who have worked on this case. (See Pl.'s Mem., Ex. 1, Aff. of Frank E. Emory, Jr. (Doc. 26-1).) However, besides statements that the fees and services "were necessarily and reasonably incurred" and that Plaintiff's counsel kept costs low in this matter, along with a summary chart outlining the rate and total amount billed by each professional, (id. at 3-4, 16), this court has no other information to determine whether the number of hours and the hourly rate requested for the work done in this case is reasonable. As such, this court is unable to determine whether such an award would be reasonable in this instance. See Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 243 (4th Cir. 2009).[2]

Second, this court is concerned that the requested amount of attorneys' fees may not be reasonable on its face. The requested attorneys' fees, $27,283.05, constitute approximately 49 percent of the Policy Proceeds at issue in this case.

---

[2] The parties spend time in their briefs outlining the factors this court should consider in determining if the requested fees are reasonable. (See Pl.'s Mem. (Doc. 26) at 8-10; Estate's Objection (Doc. 28) at 4-5; Christian's Objection (Doc. 29) at 2-5.) This court need not reach this question because Plaintiff has not presented sufficient information for this court to evaluate the reasonableness of the requested attorneys' fees.

Plaintiff cites other cases where federal courts have ordered that an insurance company be reimbursed for the costs of initiating an interpleader action, including one such order made by a court in this district. See Lindsey, 2002 WL 1585908, at *3. However, the amount of attorneys' fees awarded in these case were much smaller percentages of the policy proceeds than the one requested in this case. See id. (awarding attorneys' fees of $9,563.29 or 17 percent of the $54,900.30 proceeds); see also Sampson, 556 F.3d at 7-8 (affirming original attorneys' fees award of $8,668 or 24 percent of the $36,000 proceeds); Transamerica Premier Ins. Co. v. Growney, 70 F.3d 123, at *1 (10th Cir. 1995) (unpublished) (affirming an attorneys' fees and costs award of $1,686.28 or 3 percent of the $50,000 policy limit); Prudential Ins. Co. of Am. v. Boyd, 781 F.2d 1494, 1498 (11th Cir. 1986) (reviewing an attorneys' fees award of $971.25 or 1.5 percent of the $63,261.60 proceeds); Jefferson Pilot Fin. Ins. Co. v. Buckley, No. Civ.A. 3:04CV783, 2005 WL 221076, at *1-*2 (E.D. Va. Jan. 13, 2005) (awarding attorneys' fees of $1,005.00 or approximately 10 percent of the $10,153.42 proceeds).

Here, Plaintiff's requested attorneys' fees would substantially deplete the Policy Proceeds at issue in this case. Although the value of the contested funds is not inexorably linked to the complexity of the case or the reasonableness of a

-10-

requested award of attorneys' fees from the case, the amount of fees compared to the amount of funds available is something this court should consider in determining if granting a fee award is equitable in a particular case. See Powell Valley Bankshares, Inc. v. Wynn, No. 2:01CV00079, 2002 WL 728348, at *2 (W.D. Va. Apr. 11, 2002) (noting that the "amount of fees and expenses sought by [Plaintiff] total $40,575.50, which is nearly half of the accrued dividends of $83,826" and finding "the requested fees and expenses excessive").

Plaintiff offers some explanation for why its requested attorneys' fees are so much higher than the fees paid for "tasks generally associated with a federal court interpleader action." (See Pl.'s Mem. (Doc. 26) at 9-10.) Plaintiff notes (1) the complication of serving process on Defendant D. Christian who is legally incapacitated and whose attorney-in-fact is Defendant G. Christian; (2) the time spent preparing answers to the "counterclaims" filed by Defendants; and (3) the time spent responding to Defendant Bennett's "Motion to Transfer Venue or Motion to Dismiss on Forum Non Conveniens." (See id. at 10.) Defendants claim that this court should not award attorneys' fees for such work because Plaintiff was not required to respond to either the "Counterclaims" or "Motion to Transfer Venue." (See Estate's Objection (Doc. 28) at 5; Christian's Objection (Doc. 29) at 6.)

-11-

Without fully adopting Defendants' arguments, this court finds that Defendants' arguments create doubts for this court about the reasonableness of Plaintiff's request, and Plaintiff has not presented sufficient information to address these issues. This court previously determined that Defendant Bennett's "motion," where she asserted that the Superior Court of Glascock County, Georgia, is a more proper venue for this action, was made in Defendant Bennett's answer, did not comply with Local Rule 7.3, and thus did not require anything more than a perfunctory response. (See Order (Doc. 27) at 2.) In fact, this court did not docket the "motion" until after Plaintiff filed its response. In the absence of more specific time and billing information, this court is not able to evaluate the reasonableness of the request.

Furthermore, Plaintiff responded to each Defendant's claim for funds included in each Defendant's answer to the interpleader complaint. (See Ans. & Claim to Funds of the Estate of William Rivers ("Estate's Ans.") (Doc. 13) at 4; Ans. & Claim to Funds by Def. Bennett (Doc. 14) at 4; Christian Ans. (Doc. 21) at 10-14.) In each of their claims, Defendants asserted that they are "the proper beneficiary to the policy in question" and are "entitled to the proceeds thereof." (See, e.g., Estate's Ans. (Doc. 13) at 4.) These claims were not designated as counterclaims and are actually cross-claims against fellow

-12-

Defendants.  Even assuming a response from Plaintiff was required, the response itself is for the most part a standard, perfunctory pleading to preserve Plaintiff's rights - something not likely to take substantial time.  Notably, each of Plaintiff's responses cites to the North Carolina Rules of Civil Procedure, not the rules applicable to this case.  (See, e.g., Pl.'s Answer to Def. The Estate of William Rivers' Counterclaim (Doc. 16) at 2.)  Again, in the absence of detailed billing records or some other evidence, this court is not able to determine that the requested fees are reasonable in light of the work performed.

This court does not doubt that Plaintiff's counsel felt a response was prudent to Defendants' filings, but this court is concerned about awarding such high attorneys' fees and depleting the Policy Proceeds for such expenses.  Furthermore, the fact that Defendants did not file actual counterclaims against Plaintiff distinguish this case from cases cited by Plaintiff where the court granted large attorneys' fee awards.  In those cases, the defendants had counterclaimed for breach of contract against the insurance company, thus requiring more significant legal fees from the insurance company's counsel.  See, e.g., Nat'l Life Ins. Co. v. Alembik-Eisner, 582 F. Supp. 2d 1362,

-13-

1372 (N.D. Ga. 2008). Without any claims directed at Plaintiff, there is less basis for finding the requested fees reasonable.[3]

Based on the deficiencies outlined herein, this court does not find a sufficient basis for determining that Plaintiff's requested attorneys' fees are reasonable, and as a result, this court will not reimburse Plaintiff for the attorneys' fees it requests. The burden remains on Plaintiff to establish the reasonableness of its requested fees, and this court will not set a reasonable fee on its own. Nonetheless, this court will consider a more specific and itemized request for attorneys' fees if Plaintiff chooses to submit such a request.[4]

---

[3] This court notes briefly that other courts have expressed some concern over whether an insurance company should be reimbursed for initiating an interpleader action, see In re Mandalay Shores Co-op. Hous. Ass'n, Inc., 21 F.3d 380, 383 (11th Cir. 1994) ("Unlike innocent stakeholders who unwittingly come into possession of a disputed asset, an insurance company can plan for interpleader as a regular cost of business and, therefore, is undeserving of a fee award."); Travelers Indem. Co. v. Israel, 354 F.2d 488, 490 (2d Cir. 1965), or have found that a fee award in an interpleader action runs contrary to the policy put forward in Rule 54(d) of the Federal Rules of Civil Procedure because the prevailing party ultimately bears the costs of the interpleader's fees rather than the losing party, see Coppage v. Ins. Co. of N. Am., 263 F. Supp. 98, 101 n.2 (D. Md. 1967). This court does not rely on either of these cases in denying Plaintiff's request for attorneys' fees, but these arguments support this court's efforts to carefully scrutinize Plaintiff's request for attorneys' fees.

[4] Pursuant to Fed. R. Civ. P. 54(d)(2), a claim for attorneys' fees must be made no later than 14 days after entry of judgment.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that this action is a proper action or proceeding for interpleader under 28 U.S.C. § 1335 and for determination of the respective rights, if any, of Defendants under the Policy and to the Policy Proceeds, and this court has jurisdiction over the subject matter of this action and the parties thereto. The net benefit due and payable under the Policy is $55,583.18, and said total has been deposited into the registry of the court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Discharge and Attorneys' Fees (Doc. 25) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's request for attorneys' fees is **DENIED WITHOUT PREJUDICE**, but all other requests for relief are **GRANTED**. Plaintiff shall be reimbursed for the $927.63 in costs that it requested from the proceeds deposited in this court's registry.

**IT IS FURTHER ORDERED** that Plaintiff is discharged from any and all liability to any and all Defendants and from any and all liability under the Policy.

**IT IS FURTHER ORDERED** that Plaintiff is dismissed from this action with prejudice.

**IT IS FURTHER ORDERED** that Defendants are permanently restrained and enjoined from instituting or prosecuting any action or proceeding against Plaintiff arising out of, or related to, the Policy in any federal or state court.

**IT IS FURTHER ORDERED** that this court will retain jurisdiction of this action for the determination of such further matters as properly come before this court.

**IT IS FURTHER ORDERED** that Plaintiff shall have such other and further relief that is just and appropriate.

Finding no just reason for delay, a Judgment consistent with this Memorandum Opinion and Order will be entered contemporaneously herewith pursuant to Fed. R. Civ. P. 54(d).

This the 24th day of August, 2015.

/s/ William L. Osteen, Jr.
_____
United States District Judge